782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THOMAS M. STEWART, Petitioner-Appellant,
v.
T. D. TAYLOR, WARDEN, Respondent-Appellee.
 85-3547
 United States Court of Appeals, Sixth Circuit.
 12/16/85
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court on appellant's motion for appointment of counsel in this appeal from the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On November 26, 1979, the Court of Common Pleas for Meigs County, Ohio, entered judgment against appellant pursuant to a plea of guilty to murder in violation of O.R.C. Sec. 2903.02. After exhausting his state court remedies as required by 28 U.S.C. Sec. 2254, appellant filed a petition for a writ of habeas corpus in which he alleged two grounds for relief. First, appellant alleges that he was denied effective assistance of counsel by the attorney who represented him at the preliminary hearing and the attorneys who represented him through the proceedings which resulted in the guilty plea. Second, appellant claims that he was denied due process because he was denied personal copies of the transcripts of the preliminary hearing and the proceedings wherein appellant pleaded guilty.
 
 
 3
 Appellant's allegation that he was denied effective assistance of counsel is first directed toward the attorney who represented him through the preliminary hearing. A review of the transcript of the preliminary hearing reveals that the attorney rigorously participated in the proceeding and did all that was possible to protect the interests of appellant in cross-examining the witness who was present at the scene of the murder. To paraphrase the district court's opinion and order, the record refutes any contention that Mr. O'Brien's assistance fell short of the standard enunciated in Strickland v. Washington, ---- U.S. ----, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Likewise, the record refutes appellant's contention that the two attorneys who represented him through the plea proceedings rendered ineffective assistance of counsel. The transcript of the plea proceedings establishes that the attorneys, one of whom was requested by appellant, more than adequately represented appellant. Additional support for the conclusion that the two attorneys rendered effective assistance within the meaning of Strickland, supra, is found in an itemized summary of trial activity of the pre-plea proceedings attached as an appendix to the Meigs County Court of Common Pleas opinion denying appellant's motion for post conviction relief. The record clearly establishes that the attorneys made several pre-trial motions, including motions to dismiss the indictment, to suppress appellant's statements, for a sanity hearing and for discovery. The attorneys also advised appellant of the effects of entering a guilty plea and the rights he would waive in entering such a plea. Therefore, it is concluded that appellant's argument concerning ineffective assistance of counsel is lacking merit.
 
 
 4
 Appellant's second argument is that he was twice denied the transcripts of 'the proceedings.' Apparently appellant is of the opinion that he is entitled to a personal copy of the transcripts.
 
 
 5
 The record clearly establishes that the state courts considered the transcripts of the preliminary hearing and the plea proceeding in considering appellant's post conviction claims. While appellant may not have been provided with a personal copy of the transcripts so as to prepare his post conviction claims, the state courts reviewed those transcripts in determining whether appellant was entitled to any post conviction relief. Since appellant does not allege that the 'denial' of the transcripts was intentional or discriminatory, relief is not properly afforded in a proceeding on a petition for a writ of habeas corpus. Cf. Oliver v. Zimmerman, 720 F.2d 766 (3d Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 1302 (1984); Norvell v. Illinois, 373 U.S. 420 (1963). Furthermore, this claim was apparently not presented to any state court and thus was not properly presented for the first time in his habeas petition. Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 6
 Therefore, it is ORDERED that the motion for counsel be denied and that the district court judgment dismissing the petition for a writ of habeas corpus be affirmed.